UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH WASHINGTON,<br><br>                    Plaintiff,<br>    v.<br>TIMEKEEPER NDOC, *et al.,*<br>                    Defendants. | Case No. 2:24-cv-01000-GMN-DJA<br><br>SCREENING ORDER |

      Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and he has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 1.) A decision on the application to proceed *in forma pauperis* is temporarily deferred. The Court will now screen Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

I.    **SCREENING STANDARD**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

      In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining

2

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Timekeeper NDOC and Warden Bean. (*Id.* at 1-6.) Plaintiff brings one count and seeks monetary relief. (*Id.* at 2-16.)

In the complaint, Plaintiff alleges that the Defendants conspired to deprive him of credits toward his minimum sentence.[1] (*Id.* at 2.) Under NRS 209.4465, the Defendants were required to apply credits to Plaintiff's minimum sentence, but they failed to do so. (*Id.* at 3.) This extended the time until Plaintiff was eligible for parole. (*Id.*) Based on these allegations, Plaintiff states that the Defendants violated his right to due process. (*Id.*)

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev.

---

[1] The Court notes that Plaintiff inserted multiple exhibits into the complaint. (ECF No. 1-1 at 5-15.) In screening the complaint, the Court takes all of Plaintiff's factual allegations as true, but the Court does not consider any exhibits.

3

Mar. 13, 2009). Additionally, allegations that a defendant violated state law are not sufficient to state a claim for violation of the Fourteenth Amendment's due process clause. *Swarthout*, 562 U.S. at 222 (holding that "a 'mere error of state law' is not a denial of due process"); *see also Young v. Williams*, No. 2:11-CV-01532-KJD, 2012 WL 1984968, at *3 (D. Nev. June 4, 2012) (holding that alleged error in applying good time credits to sentence was an error of state law that did not constitute a due process violation).

The Court finds that Plaintiff fails to state a colorable due process claim. Plaintiff alleges that the Defendants violated NRS § 209.4465(7)(b), and deprived him of an earlier parole eligibility date, by failing to award him good-time credits that he was entitled to receive under Nevada law. But Plaintiff cannot establish a liberty interest in parole or his parole eligibility date. Moreover, the failure to properly apply NRS § 209.4465(7) constitutes an error of state law and cannot be the basis of a due process claim. Because Plaintiff cannot establish the existence of a liberty interest, he cannot state a colorable due process claim. Therefore, the Court dismisses Plaintiff's due process claim, with prejudice, as amendment would be futile.

Because the Court has dismissed Plaintiff's only claim, the Court dismisses the complaint in its entirety. The Court has dismissed Plaintiff's due process claim with prejudice. However, in light of Plaintiff's *pro se* status, the Court will give Plaintiff an opportunity to file an amended complaint, if he believes he can state some other colorable claim. Alternatively, if having read this screening order, Plaintiff does not believe that he can state a colorable claim, he may file a motion to voluntarily dismiss this case.

### III.    LEAVE TO AMEND

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, and, thus, an amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the

1 original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action will be subject to dismissal.

## IV.   CONCLUSION

For the foregoing reasons, it is ordered that a decision on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy of the complaint.

It is further ordered that Plaintiff's due process claim is dismissed with prejudice, as amendment would be futile.

It is further ordered that the Court grants Plaintiff leave to file an amended complaint.

It is further ordered that, if Plaintiff chooses to file an amended complaint, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.  If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///
///

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, this action will be subject to dismissal.

DATED THIS  31  day of December 2024.

Gloria M. Navarro, Judge
United States District Court